NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL WITTROCK, | Civil Action No. 17-8241 (JLL) |
| Plaintiff, | OPINION |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**LINARES,** Chief District Judge

This matter comes before the Court upon the appeal of Plaintiff Michael Wittrock from the final decision of the Commissioner of Social Security ("the Commissioner") upholding the denial by an administrative law judge ("the ALJ") of Plaintiff's application for disability benefits under Titles II and XVI of the Social Security Act. (ECF No. 1). The Court resolves this matter on the parties' briefs and without oral argument pursuant to Local Civil Rule 9.1(f). For the following reasons, the Court vacates the final decision of the Commissioner and remands this matter for further proceedings that are consistent with this Opinion.

I. **BACKGROUND**

The Court writes for the parties who are familiar with the facts and procedural history of the case. The Court therefore specifically addresses in the discussion below only those facts relevant to the issues raised on appeal.

II. **STANDARD OF REVIEW**

The Court must affirm the Commissioner's decision if the ALJ's findings of fact are supported by substantial evidence, *i.e.*, evidence that a reasonable mind might accept as adequate

to support a conclusion. *See* 42 U.S.C. § 405(g); *see also Reefer v. Barnhart*, 326 F.3d 376, 379 (3d Cir. 2003) (stating the same); *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000) (same); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999) (same). The Court must be deferential to the inferences drawn by the ALJ from the facts if those inferences, in turn, are supported by substantial evidence. *See Smith v. Califano*, 637 F.2d 968, 970 (3d Cir. 1981); *see also Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (stating that a court "will not set the Commissioner's decision aside if it is supported by substantial evidence, even if we would have decided the factual inquiry differently"). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and "[i]t is less than a preponderance of the evidence but more than a mere scintilla." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004) (citations and internal quotes omitted). Additionally, a disability must be established by objective medical evidence.

To this end, "[a]n individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section." 42 U.S.C. § 423(d)(5)(A). Instead, a finding that one is disabled requires:

> [M]edical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph . . . would lead to a conclusion that the individual is under a disability.

*Id.*

The factors to consider in determining how to weigh the evidence originating from a medical source include: (1) the examining relationship; (2) the treatment relationship, which

includes the length, frequency, nature, and extent of the treatment; (3) the supportability of the opinion; (4) its consistency with the record as a whole; and (5) the specialization of the individual giving the opinion. *See* 20 C.F.R. § 404.1527(c).

The "substantial evidence standard is a deferential standard of review." *Jones*, 364 F.3d at 503. The ALJ is required to "set forth the reasons for his decision," and not merely make conclusory and unexplained findings. *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 119 (3d Cir. 2000). However, if the ALJ's decision is adequately explained and supported, then the Court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 361 (3d Cir. 2004) (citation omitted). It does not matter if this Court "acting *de novo* might have reached a different conclusion." *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190–91 (3d Cir. 1986) (citation omitted). The ALJ is "not require[d] . . . to use particular language or adhere to a particular format in conducting [the] analysis," but the ALJ must "ensure that there is sufficient development of the record and explanation of findings to permit meaningful review." *Jones*, 364 F.3d at 505.

### III. DISCUSSION

#### A. The Five Step Process

A claimant is eligible to collect benefits if, among other things, he demonstrates that he is disabled based on an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A person is disabled only if the physical or mental impairments "are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists

in the national economy." 42 U.S.C. § 423(d)(2)(A).

The "five step sequential evaluation for determining whether a claimant is under a disability, as set forth in 20 C.F.R. § 404.1520" is explained as follows:

> In step one, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a). If a claimant is found to be engaged in substantial activity, the disability claim will be denied. In step two, the Commissioner must determine whether the claimant is suffering from a severe impairment. 20 C.F.R. § 404.1520(c). If the claimant fails to show that her impairments are "severe," she is ineligible for disability benefits.
>
> In step three, the Commissioner compares the medical evidence of the claimant's impairment to a list of impairments presumed severe enough to preclude any gainful work. 20 C.F.R. § 404.1520(d). If a claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to steps four and five.
>
> Step four requires the ALJ to consider whether the claimant retains the residual functional capacity [("the RFC")] to perform her past relevant work. 20 C.F.R. § 404.1520(d). The claimant bears the burden of demonstrating an inability to return to her past relevant work.
>
> If the claimant is unable to resume her former occupation, the evaluation moves to the final step. At this stage, the burden of production shifts to the Commissioner, who must demonstrate the claimant is capable of performing other available work in order to deny a claim of disability. 20 C.F.R. § 404.1520(f). The ALJ must show there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ must analyze the cumulative effect of all the claimant's impairments in determining whether she is capable of performing work and is not disabled.

*Burnett*, 220 F.3d at 118–19 (citations omitted).

"The claimant bears the burden of proof for steps one, two, and four of this test. The

4

Commissioner bears the burden of proof for the last step." *Sykes*, 228 F.3d at 263. Neither party bears the burden of proof at step three. *See id.* at 263 n.2.

**B.     Step Three**

At the second step of the sequential evaluation in this case, the ALJ concluded that Plaintiff suffered from the following severe impairments: (1) major joint dysfunction in the shoulder; (2) degenerative disc disease; and (3) obesity. (ECF No. 5 ("R.") at 61). In the subsequent steps of the sequential analysis, the ALJ was required to address Plaintiff's impairments that were at that point deemed to be severe. *See* 20 C.F.R. § 404.1545(a)(2) (requiring the ALJ to assess all impairments, whether they are found to be severe or not severe). However, Plaintiff argues that the ALJ failed to meaningfully consider his obesity impairment, either alone or in conjunction with his other severe impairments, in assessing his ability to engage in gainful employment in the third step of the sequential analysis. (ECF No. 11 at 18–24).[1] The Court agrees with Plaintiff's argument on this issue.

Because the ALJ concluded at the second step that Plaintiff's obesity was indeed a severe impairment, the ALJ should have provided analysis of that impairment in the third step and should have made some assessment of that impairment in the subsequent analysis. *See Esterly v. Comm'r of Soc. Sec.*, No. 13-2954, 2014 WL 2931647, at *7 (D.N.J. June 30, 2014) (remanding a Social Security matter because the ALJ "failed to include any discussion of Plaintiff's obesity impairment . . . [a]lthough the ALJ found at step two that Plaintiff's obesity was a severe impairment," and noting that "where, as here, the ALJ finds at step two that obesity is a severe impairment, the SSA instructs ALJs to analyze obesity . . . at step three"). In this case, the ALJ failed to engage in any meaningful review of Plaintiff's obesity.

---

[1] The record shows that Plaintiff was about six feet tall and his weight fluctuated between approximately 250 to 300 pounds during the relevant time period. (*See, e.g.,* R. at 22–23, 302, 416, 515, 1079).

The only reference the ALJ makes to Plaintiff's obesity is at step two of the sequential analysis when the ALJ stated that "[a]ny functional limitations resulting from the claimant's obesity were considered in the [RFC] assessment." (R. at 20). However, such a conclusory statement is insufficient to permit this Court to perform a meaningful review of the ALJ's obesity findings. *See Weston v. Comm'r of Soc. Sec.*, No. 17-6028, 2019 WL 625559, at *5 (D.N.J. Feb. 13, 2019) (finding same); *Rodriguez v. Comm'r of Soc. Sec.*, No. 17-9429, 2019 WL 397983, at *4 (D.N.J. Jan. 30, 2019) (rejecting obesity analysis where "[t]he ALJ did not engage in a discussion of the evidence concerning Plaintiff's obesity nor did he explain how Plaintiff's obesity factored into his conclusions.").

Besides the above statement at the second step, the ALJ made no further mention at all of Plaintiff's severe obesity impairment in the subsequent steps of the sequential evaluation process. Furthermore, the ALJ provided no analysis of Social Security Ruling 02-1p, which is designed to offer guidance to an ALJ—and which an ALJ is required to consult—when assessing the effect of a severe obesity impairment upon a plaintiff's ability to work. *See Cooper v. Comm'r of Soc. Sec.*, 268 F. App'x 152, 156 (3d Cir. 2008) (stating that an ALJ should consult and refer to Social Security Ruling 02-1p when a plaintiff makes a specific request for consideration of obesity in conjunction with the other impairments that are claimed).

The Court cannot correct this error by independently analyzing Plaintiff's medical history even if the Court were so inclined, as the Court is absolutely barred from attempting to do so. *See Jones*, 364 F.3d at 505 (holding that *the ALJ* must provide an explanation of the findings in order to permit a meaningful review by a district court) (emphasis added); *Lloyd v. Barnhart*, 47 F. App'x 135, 137–38 (3d Cir. 2002) (holding that "the District Court has no fact-finding role in reviewing social security disability cases"). Rather, the ALJ's error as to the assessment of

Plaintiff's severe obesity impairment can only be remedied on remand by the ALJ. *See Austin v. Comm'r of Soc. Sec.*, No. 16-1462, 2018 WL 878525, at *6 (D.N.J. Feb. 14, 2018) (holding that the ALJ erred in failing to set forth an analysis of the plaintiff's severe obesity impairment in conjunction with the claimant's other severe impairments, and as a result the District Court was unable to provide a meaningful review).

As explained by the Third Circuit Court of Appeals,

> [A]n ALJ must meaningfully consider the effect of a claimant's obesity, individually and in combination with [his or] her impairments, on [his or] her workplace function at step three and at every subsequent step.
>
> ... absent analysis of the cumulative impact of [a plaintiff's] obesity and other impairments on [his or] her functional capabilities, we are at a loss in our reviewing function.

*Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 504 (3d Cir. 2009); *see also id.* at 504 n.3 (collecting cases reaching a similar conclusion).

In view of this clear guidance by the Third Circuit Court of Appeals, the Court remands this matter for a fuller assessment in the third step of the sequential analysis of Plaintiff's obesity on its own and in conjunction with the other severe impairments found by the ALJ. *Cf. Mason v. Colvin*, No. 15-1861, 2015 WL 6739108, at *4 (D.N.J. Nov. 3, 2015) (affirming an ALJ's assessment of the plaintiff's obesity in combination with the plaintiff's other severe impairments, because the ALJ fully explained how obesity could impact the other impairments and thereby provided a sufficient discussion to enable meaningful judicial review); *Ollie v. Comm'r of Soc. Sec.*, No. 13-3297, 2014 WL 1272180, at *5–7 (D.N.J. Mar. 26, 2014) (affirming an ALJ's assessment of the plaintiff's obesity in combination with the plaintiff's other impairments, because the ALJ explicitly provided several examples from the record that demonstrated that the plaintiff's

obesity did not prevent the performance of light work). On remand, the ALJ "should consider [Plaintiff's] physical . . . especially with regard to his obesity." *Cooper*, 268 F. App'x at 156.

C. **Subsequent Steps**

This Court also notes that on remand, once the ALJ has properly analyzed Plaintiff's severe obesity impairment at the third step of the sequential analysis, the ALJ must also reassess Plaintiff's ability to work in the fourth step and the fifth step. *See Rodriguez*, 2019 WL 397983, at *4 (remanding a Social Security matter because even though the ALJ held at step two that the plaintiff suffered from a severe obesity impairment, "the ALJ's analysis at step five does not contain any mention of Plaintiff's obesity"); *Standowski v. Colvin*, No. 13-5663, 2015 WL 404659, at *12–13 (D.N.J. Jan. 29, 2015) (remanding a Social Security matter because the ALJ "barely discussed" the plaintiff's severe impairment of obesity, and "the ALJ's residual functional capacity determination is silent on obesity"); *see also Gifford v. Barnhart*, 129 F. App'x 704, 707 (3d Cir. 2005) (affirming the ALJ's decision to deny an application for benefits because, among other things, the ALJ actually considered the plaintiff's obesity in combination with her other impairments and concluded that the plaintiff's obesity did not eliminate the RFC based on the medical evidence offered). On remand, the ALJ should be certain to specifically address Plaintiff's severe obesity impairment in the fourth step and the fifth step of the analysis.

Furthermore, because the Court has determined that the ALJ improperly assessed Plaintiff's obesity impairment subsequent to step two, an entirely new sequential evaluation concerning whether Plaintiff is disabled is necessary upon remand. Thus, the Court will not address Plaintiff's remaining substantive challenges, because the ALJ should necessarily address them upon remand. *See McMillan v. Comm'r of Soc. Sec.*, No. 16-313, 2018 WL 6617841, at *4 (D.N.J. Dec. 18, 2018) (holding the same in finding that a remand was appropriate because the

ALJ failed to properly consider the plaintiff's severe obesity impairment at the third step and the fifth step, and thus the Court "need not consider Plaintiff's other arguments at this juncture"); *see also Lawrence v. Colvin*, No. 15-2851, 2016 WL 1644622, at *10 (D.N.J. Apr. 26, 2016) (holding the same in finding that a remand was appropriate because the ALJ failed to properly consider one of the claimant's disabilities, and thus the ALJ would be required to engage in an entirely new evaluation concerning the claimant's other alleged severe disabilities).

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court remands the matter to the ALJ for further proceedings that are consistent with this Opinion. The Court will issue an appropriate Order.

Dated: March 2/15, 2019.

_____
**JOSE L. LINARES**
Chief Judge, United States District Court